13-16359

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

**JAMES GRINOLS. EDWARD NOONAN, THOMAS MACLERAN, ROBERT ODDEN, KEITH JUDD, ORLY TAITZ,**

Appellants,

**v.**

**ELECTORAL COLLEGE, U.S. CONGRESS, GOVERNOR OF CALIFORNIA, SECRETARY OF STATE OF CALIFORNIA, BARACK OBAMA,**

Appellees.

---

On Appeal from the United States District Court
for the Eastern District of California

No. 12-CV-02997
The Honorable Morrison C. England, Judge

### ANSWERING BRIEF OF THE CALIFORNIA DEFENDANTS-APPELLEES

KAMALA D. HARRIS
Attorney General of California
DOUGLAS J. WOODS
Senior Assistant Attorney General
MARK R. BECKINGTON
Supervising Deputy Attorney General
GEORGE WATERS
Deputy Attorney General
State Bar No. 88295

1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 323-8050
Fax: (916) 324-8835
Email: George.Waters@doj.ca.gov
*Attorneys for Appellees Edmund G. Brown Jr., Governor of California, and Debra Bowen, Secretary of State of California*

# TABLE OF CONTENTS

**Page**

Introduction .................................................................................. 1

Statement of Jurisdiction ............................................................. 3

Issues Presented .......................................................................... 3

Statement of the Case .................................................................. 3

    I.    Statement of facts ................................................... 3

        A.    The 2012 presidential election in California ................. 4

        B.    California's presidential electors cast their Electoral College votes on December 17, 2012. ........... 4

    II.    Proceedings below .................................................. 6

Standard of Review ..................................................................... 10

Summary of Argument ................................................................ 11

Argument ..................................................................................... 12

    I.    Plaintiffs' claims involving President Obama's eligibility for office are moot ................................................. 12

    II.    Plaintiffs' claims involving President Obama's eligibility for office present a nonjusticiable political question ............. 18

    III.    The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over plaintiffs' state law claims of allegedly invalid voter registrations ................. 22

Conclusion .................................................................................. 26

Statement of Related Cases ......................................................... 27

# TABLE OF AUTHORITIES

**Page**

## CASES

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*
300 U.S. 227 (1937)............................................................ 14, 15, 17

*Arizona Christian School Tuition Organization v. Winn*
___ U.S. ___, 131 S.Ct. 1436 (2011) ................................. 12

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)............................................................ 11

*Baker v. Carr*
369 U.S. 186 (1962)............................................................ 2, 18

*Balistieri v. Pacifica Police Dep't*
901 F.2d 696 (9th Cir. 1990) ............................................. 25

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007)............................................................ 11, 23

*Bush v. Gore*
531 U.S. 98 (2000)............................................................. 24, 25

*Center For Biological Diversity v. Lohn*
511 F.3d 960 (9th Cir. 2007) ............................................. 15

*Chafin v. Chafin*
___ U.S.___, 133 S.Ct. 1017 (2013) ................................. 13

*Charfauros v. Board of Elections*
249 F.3d 941 (9th Cir. 2001) ............................................. 25

*Church of Scientology of California v. United States*
506 U.S. 9 (1992)............................................................... 2, 13

*Cleaver v. Jordan*
393 U.S. 810 (1968)............................................................ 20

# TABLE OF AUTHORITIES
## (continued)

Page

CASES (CONTINUED)

*Costanich v. Department of Soc. & Health Servs.*
627 F.3d 1101 (9th Cir. 2010) ........................................................... 11

*Crawford v. Marion County Election Bd.*
553 U.S. 181 (2008)......................................................................... 5

*DeSoto v. Yellow Freight Sys., Inc.*
957 F.2d 655 (9th Cir. 1992) ........................................................... 25

*Friends of the Earth, Inc. v. Bergland*
576 F.2d 1377 (9th Cir. 1978) ......................................................... 13

*Fulani v. Hogsett*
917 F.2d 1028 (7th Cir. 1990) ......................................................... 21

*Headwaters, Inc. v. Bureau of Land Management*
893 F.2d 1012 (9th Cir. 1989) .................................................... 13, 16

*Keyes v. Bowen*
189 Cal. App. 4th 647 (2010), *cert. den.* ___ U.S. ___, 132 S.Ct.
99 (2011).................................................................................. 15, 20

*Lee v. Schmidt–Wenzel*
766 F.2d 1387 (9th Cir. 1985) ......................................................... 16

*Los Angeles v. Lyons*
461 U.S. 95 (1983)........................................................................... 16

*Lujan v. Defenders of Wildlife*
504 U.S. 555 (1992)................................................................... 13, 18

*Maryland Cas. Co. v. Pacific Coal & Oil Co.*
312 U.S. 270 (1941)................................................................... 15, 17

## TABLE OF AUTHORITIES
### (continued)

Page

CASES (CONTINUED)

*Mills v. Green*
159 U.S. 651 (1895)..........................................................2, 13

*Peace and Freedom Party v. Bowen*
912 F. Supp. 2d 905 (E.D. Cal. 2012), *appeal docketed*, No. 13-
15085 (9th Cir. Jan. 4, 2013) ............................................. 20

*Pennhurst State School & Hosp. v. Halderman*
465 U.S. 89 (1984)............................................................ 23

*San Diego County Gun Rights Comm. v. Reno*
98 F.3d 1121 (9th Cir. 1996) ............................................. 17

*Southern Pacific Terminal Co. v. ICC*
219 U.S. 498 (1911).......................................................... 16

*Super Tire Engineering Co. v. McCorkle*
416 U.S. 115 (1974).......................................................... 15

*Thompson v. Davis*
295 F.3d 890 (9th Cir.2002) ............................................. 11

*Viewtech, Inc. v. United States*
653 F.3d 1102 (9th Cir. 2011) ........................................... 10

STATUTES

California Code of Civil Procedure
§ 1085 ............................................................................... 25

California Elections Code
§ 2150 ............................................................................... 22
§ 2150(a)(6) ...................................................................... 23
§ 16100(d).......................................................................... 25

# TABLE OF AUTHORITIES
## (continued)

**Page**

**STATUTES (CONTINUED)**

United States Code

Title 3, § 6 ........................................................................ 5, 6
Title 3, § 7 ........................................................................... 5
Title 3, § 8 ........................................................................... 5
Title 3, §§ 8-11 ..................................................................... 6
Title 3, § 9 ........................................................................... 5
Title 3, § 11 ......................................................................... 6
Title 28, § 1291 ..................................................................... 3
Title 28, § 1331 ..................................................................... 3
Title 41, § 1983 .................................................................... 21
Title 42, § 1973gg-4(a)(1) ........................................................ 23
Title 42, § 1973gg-7(a), Pub.L. 107-252, § 802(b) ........................... 23
Title 42, § 1973gg-7(a)(2) ........................................................ 23

**CONSTITUTIONAL PROVISIONS**

United States Constitution

Amendment I ...................................................................... 16
Amendment XI ..................................................................... 23
Amendment XII ................................................................. 5, 19
Amendment XX, § 1 .................................................................. 6
Amendment XXII, § 1 ............................................................ 2, 16
Amendment XXIII .................................................................... 4
Article I, § 2, clause 2 ............................................................ 18
Article I, § 2, clause 5 ............................................................ 19
Article I, § 3, clause 3 ............................................................ 18
Article I, § 3, clause 6 ............................................................ 19
Article I, § 3, clause 7 ............................................................ 19
Article II, § 1 ...................................................................... 19
Article II, § 1, clause 2 ............................................................. 4
Article II, § 1, clause 5 ........................................................... 17
Article III ................................................................... 12, 13, 14

# TABLE OF AUTHORITIES
## (continued)

Page

**COURT RULES**

Federal Rules of Civil Procedure
    Rule 8 ................................................................ 11
    Rule 12(b)(1) ................................................... 10
    Rule 12(b)(6) ................................................... 11

Federal Rules of Evidence
    201(b)(2) ............................................................ 5

**OTHER AUTHORITIES**

*A Procedural Guide to the Electoral College*, Office of the Federal
    Register ............................................................ 4

13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper,
    *Federal Practice and Procedure: Jurisdiction* § 3533 at 715-16
    (3d ed. 2008) ................................................... 13

Jack Maskell & Elizabeth Rybicki, *Counting Electoral Votes: An
    Overview of Procedures at the Joint Session, Including Objections
    by Members of Congress* at 2, Congressional Research Service
    (Nov. 30, 2012) ................................................ 5

## INTRODUCTION

This answering brief is filed on behalf of Defendants-Appellees California Governor Edmund G. Brown Jr. and California Secretary of State Debra Bowen (the California defendants).

The California defendants play a minor role in this action. Plaintiffs' objective is to remove President Barack Obama from office. *See* AOB at 40 ("This is a case of National importance, we have a criminal with all fabricated IDs and a stolen Social Security number usurping the White House, this is a case that has to be heard on the merits and immediately"). To this end, near the conclusion of the 2012 presidential election, plaintiffs sought to enjoin the California defendants from transmitting California's Electoral College votes to Congress. They failed, in part because the Electoral College votes already had been transmitted by the time that plaintiffs filed their motion for a temporary restraining order. Thereafter the votes were counted and President Obama was sworn into his second term on January 20, 2013.

For two reasons, the district court correctly dismissed plaintiffs' claims. First, the case is moot. A federal court has no jurisdiction "'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"

1

*Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).  The two certificates that plaintiffs seek to restrain have already been transmitted, the electoral votes have been counted, and the President has been sworn into his second term in office.  He cannot be elected to a third term.  U.S. Const. amend. XXII, § 1.  Second, the question whether President Obama may run for office and serve as President is a political question that a court cannot answer.  *See Baker v. Carr*, 369 U.S. 186, 210 (1962).

In a transparent attempt to avoid the jurisdictional defects of the original complaint, plaintiffs belatedly filed an amended complaint adding a supplemental claim for declaratory and injunctive relief concerning 1.5 million California voter registrations alleged to be "invalid" under California law.  This claim is wholly independent from plaintiffs' claims concerning President Obama's eligibility to hold the office of President.  The district court also was within its discretion to dismiss this claim because it is based on state law.

For these reasons, as more fully explained below, this Court should affirm.

2

## STATEMENT OF JURISDICTION

The district court had jurisdiction under 28 U.S.C. § 1331. The district court entered its order granting the California and federal defendants' motions to dismiss on May 23, 2013 and entered judgment the same day. Excerpts of Record (ER) 353-378; California Defendants-Appellees' Supplemental Excerpts of Record (CA-SER) 1. The judgment is final and appealable. Appellants filed a timely notice of appeal on June 22, 2013. ER 12. This Court has jurisdiction under 28 U.S.C. § 1291.

## ISSUES PRESENTED

1.     Whether plaintiffs' claim that President Obama is ineligible for office is moot in light of the fact that President Obama won the 2012 election, was sworn in to his second term more than a year ago, and—having twice been elected President—cannot be elected to a third term.

2.     Whether plaintiffs' claim that President Obama is ineligible for office is a nonjusticiable political question.

3.     Whether the district court abused its discretion by declining to exercise supplemental jurisdiction over plaintiffs' state law claims involving allegedly invalid voter registrations.

3

## STATEMENT OF THE CASE

I. **STATEMENT OF FACTS**

    A. **The 2012 Presidential Election in California**

The 2012 presidential election was held on November 6.  In California, the Democratic incumbent, Barack Obama, defeated the Republican challenger, Mitt Romney, by a margin of 60.2% to 37.1% (a difference of about 3 million votes).  CA-SER 32.

    B. **California's Presidential Electors Cast Their Electoral College Votes on December 17, 2012.**

Under Article II, section 1, clause 2 of the United States Constitution, the voters of each state choose electors on Election Day to serve in the Electoral College.  The number of electors in each state is equal to the number of members of Congress to which the state is entitled.  *See* U.S. Const. art. II, § 1, cl. 2.  There are a total of 538 electors because there are 435 representatives and 100 senators, plus three electors allocated to Washington, D.C.  *See id*.; U.S. Const. amend. XXIII; *A Procedural Guide to the Electoral College*, Office of the Federal Register.[1]  Thus it takes a minimum of 270 electoral votes to be elected President.  CA-SER 28.

---

[1]  Available at http://www.archives.gov/federal-register/electoral-college/procedural_guide.html [last visited January 16, 2014].  The Court may take judicial notice of information on government websites.  *See*

                                   (continued…)

Of particular relevance to this case, California officials have two specific, time-sensitive duties concerning California's Electoral College votes. First, as soon as the election results are final, the Governor is required to prepare and sign a Certificate of Ascertainment, which is a formal list of the names of the electors chosen by California voters, as well as the names of all other candidates for elector, and the number of votes cast for each. *See* 3 U.S.C. § 6. Second, once the state's electors have met and voted, they must sign a Certificate of Vote containing two distinct lists, one being the votes for President and the other the votes for Vice President.[2] Both documents are witnessed by the Secretary of State. *See* 3 U.S.C. § 9; *see also* Jack Maskell & Elizabeth Rybicki, *Counting Electoral Votes: An Overview of Procedures at the Joint Session, Including Objections by Members of Congress* at 2, Congressional Research Service (Nov. 30,

_____

(…continued)
Fed. R. Evid. 201(b)(2) (allowing a court to take judicial notice of facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Crawford v. Marion County Election Bd.*, 553 U.S. 181, 199 n.18 (2008) (taking judicial notice of information on government website).

    [2] Electors chosen meet in their respective state capitals on the Monday after the second Wednesday in December (December 17, 2012), at which time they cast their votes on separate ballots for President and Vice-President. *See* U.S. Const. amend. XII; 3 U.S.C. §§ 7, 8.

5

2012).[3]  Both must be forwarded forthwith to the President of the United States Senate.  3 U.S.C. § 11.

California's Certificate of Ascertainment was executed by Governor Brown on December 15, 2012.  CA-SER 16.  California's Certificate of Vote was executed by the California electors, and witnessed by Secretary of State Debra Bowen, on December 17, 2012.  CA-SER 21.  On December 18, 2012, both certificates were forwarded to the President of the United States Senate as required by law.  CA-SER 39; *see* 3 U.S.C. § 6 (Certificate of Ascertainment); *id*. §§ 8-11 (Certificate of Vote).

On January 4, 2013, the electoral votes were counted at a joint session of the Senate and the House of Representatives, meeting in the House Chamber.  CA-SER 27.  Although any member of Congress may object to votes, no objections were made.  *Id*.  The tally officially confirmed that Mr. Obama was the winner with 332 electoral votes to Mr. Romney's 206 votes.  CA-SER 28.  Mr. Obama began his second term as President of the United States on January 20, 2013.  *See* U.S. Const. amend. XX, § 1.

---

[3]  Available at https://www.fas.org/sgp/crs/misc/RL32717.pdf [last visited January 16, 2014].

## II.  PROCEEDINGS BELOW

On December 13, 2012, plaintiffs[4] filed a document entitled

"Declaratory and Injunctive Relief, Petition for Extraordinary Emergency

Writ of Mandamus/Stay of Certification of votes for Presidential Candidate

Obama due to elections fraud and his use of invalid/forged/fraudulently

obtained IDs."  ER 14.  Generally speaking, this document (the "complaint")

alleged that President Obama was not a natural born citizen of the United

States, that he had used forged documents and a fraudulent social security

number to establish American citizenship, and that he was ineligible to hold

the office of President.  ER 37.  The complaint sought a declaration that

Barack Obama was not eligible to be President and an order restraining

(1) the presentment of California's Certificate of Ascertainment, (2) the

presentment of California's Certificate of Vote, (3) the vote of the Electoral

---

[4]  At the time the original complaint was filed, plaintiffs were alleged to be three candidates for President (Edward Noonan, Keith Judd and Thomas MacLeran), a Republican presidential elector (James Grinols), and a Libertarian presidential elector (Robert Odden).  ER 15.  Defendants fell into two groups:  the "federal defendants" (the Electoral College, the President of the United States Senate (Vice-President Joe Biden), the United States Congress, and Barack Obama) and the "California defendants" (the Governor of California and the Secretary of State of California).  ER 16.

College, and (4) the vote by Congress.[5]   CA-SER 65-67.  The only relief

sought against the California defendants was an order restraining

"presentment" of the two certificates recording the vote of California

electors.  *Id*.

On December 14, 2012, the district court issued an order noting that

plaintiffs had not filed any of the documents required by Local Rule 231 for

issuance of a temporary restraining order.  CA-SER 47-48.  The district

court ordered plaintiffs to file the required documents by December 21, 2012.

*Id*.  Plaintiffs waited until December 20 to file their motion for temporary

restraining order.[6]  By that time the motion was filed, California's Electoral

College delegates already had cast their votes, and California's Certificate of

Ascertainment and Certificate of Vote already had been transmitted to the

President of the United States Senate.  CA-SER 39.

Plaintiffs' motion for a temporary restraining order was denied orally at

a January 3, 2013 hearing and by a subsequent written order. CA-SER 44-56.

---

[5]  Congress does not vote on the presidential election.

[6]  The motion asserted, among other things, that "the defendants and
this Court will be guilty of treason against the United States of America,
People of the United States of America and the US Constitution, if the
Certificate of Vote is certified and citizen of Indonesia Barack Obama is
allowed to become the US President."  CA-SER 58.

The district court noted that plaintiffs' claims were moot with respect to the California defendants:

> California officials completed the Certificate of Ascertainment for California's electors of President and Vice President chosen in the 2012 general election on December 15, 2012 and the Certificate of Vote for the same offices on December 17, 2012. (ECF No. 26.) These Certificates were sent to Congress in December 2012. *Id*. Plaintiffs, therefore, request that the Court stop an action that has already taken place. The Court cannot prevent California from doing what it has already done. Thus, Plaintiffs' request for relief with respect to California is moot.

CA-SER 44, n.1.

On January 28, 2013, the California defendants moved to dismiss on the grounds that the case was moot and was barred by the Political Question Doctrine. CA-SER 42-43. Shortly thereafter plaintiffs filed a first amended complaint (Amended Complaint). ER 143. As a result, the California defendants withdrew their first motion to dismiss. CA-SER 40-41.

Apparently in an effort to avoid dismissal for mootness, the Amended Complaint added allegations not tied to the 2012 presidential election. Orly Taitz (plaintiffs' attorney) was added as a plaintiff. Ms. Taitz alleged that she was a candidate for statewide office in the 2010 and 2012 primary elections (though not for president) and that she was "aggrieved" by more than 1.5 million invalid voter registrations in California. ER 146. The

9

Amended Complaint sought declaratory and injunctive relief "to clean up California voter roles [sic] and having [sic] a special election." ER 160. As to the 2012 presidential election, the Amended Complaint sought from the California defendants a declaration that California's Certificate of Vote and Certificate of Ascertainment "were signed and prepared based on fraud committed by Candidate Obama and invalid." ER 147.

The California and federal defendants then filed separate motions to dismiss the Amended Complaint. CA-SER 7 [Dkt. ## 71, 73]. On May 23, 2013, the district court entered an order granting the motions to dismiss. ER 353. The district court concluded that all claims involving the presidential election were barred by the political question doctrine and were moot, that the Speech or Debate clause barred all claims against Congress, and that the claims of invalid voter registrations were state law claims over which the court declined to exercise supplemental jurisdiction. ER 353-378. Judgment was entered the same day. CA-SER 1.

## STANDARD OF REVIEW

Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure is reviewed de novo, and factual findings relevant to that determination are reviewed for clear error. *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1104 (9th Cir. 2011).

Dismissal for failure to state a claim under Rule 12(b)(6) is reviewed

de novo. *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir.2002).

A complaint must contain "more than labels and conclusions" or

"a formulaic recitation of the elements of a cause of action." *Bell Atlantic*

*Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal,*

556 U.S. 662, 678 (2009) ("Rule 8 . . . does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation").  In other words, the plaintiff must

articulate "enough facts to state a claim to relief that is plausible on its face."

*Twombly,* 550 U.S. at 570.

A district court's decision whether to retain jurisdiction over

supplemental claims when the original federal claims are dismissed is

reviewed for abuse of discretion.  *Costanich v. Department of Soc. & Health*

*Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010).

## SUMMARY OF ARGUMENT

Plaintiffs' claim that President Obama is ineligible for office is moot.

President Obama won the 2012 election, was sworn in to his second term

more than a year ago, and—having twice been elected President—cannot be

elected to a third term.  The acts that plaintiffs challenge in this action—the

11

processing and transmission of presidential election certificates concerning Barack Obama—cannot recur.

Plaintiff's claim that President Obama is ineligible for office is a nonjusticiable political question because the question of presidential qualifications is constitutionally assigned to Congress.

It was within the district court's discretion to decline to exercise supplemental jurisdiction over plaintiffs' state law claims involving allegedly invalid voter registrations.

## ARGUMENT

### I. PLAINTIFFS' CLAIMS INVOLVING PRESIDENT OBAMA'S ELIGIBILITY FOR OFFICE ARE MOOT

Article III provides that federal courts have the power to resolve "Cases" or "Controversies." *Arizona Christian School Tuition Organization v. Winn*, ___ U.S. ___, 131 S.Ct. 1436, 1441 (2011). "To obtain a determination on the merits in federal court, parties seeking relief must show that they have standing under Article III of the Constitution." *Id.* at 1440. To satisfy Article III standing, at a minimum, (1) the party seeking relief must have suffered an injury in fact, (2) there must be "a causal connection between the injury and the conduct complained of," and (3) it

must be likely the injury will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).

A moot case is not justiciable under Article III.  A federal court has no authority "'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"  *Church of Scientology of California*, 506 U.S. at 12 (quoting *Mills v. Green*, 159 U.S. at 653).  It does not suffice that a dispute was live at the time of filing.  To satisfy Article III, a dispute must remain alive throughout the course of litigation, to the moment of final appellate resolution.  *Chafin v. Chafin*, ___ U.S.___, 133 S.Ct. 1017, 1023 (2013); 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3533 at 715-16 (3d ed. 2008).  Thus "[w]here the activities sought to be enjoined have already occurred, and . . . courts cannot undo what has already been done, the action is moot."  *Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978); *see also Headwaters, Inc. v. Bureau of Land Management*, 893 F.2d 1012, 1016 (9th Cir. 1989) (where trees have already been logged, action to enjoin their logging is moot).

Regarding plaintiffs' claims concerning President Obama's eligibility to be President, this case is moot as to the California defendants.  The only

13

injunctive relief sought against the California defendants was a stay of
presentment of California's Certificate of Ascertainment (the list of the
Presidential and Vice-Presidential Electors elected at the November 6, 2012
general election) and California's Certificate of Vote (the record of how the
California Electors voted). CA-SER 66-67. But these documents were
executed on December 15, 2012 (Certificate of Ascertainment) and
December 17, 2012 (Certificate of Vote), and forwarded to the President of
the United States Senate on December 18, 2012. CA-SER 16, 21, 39. There
is no live dispute as to these documents because they have been executed
and transmitted. At a January 4, 2013 Joint Session of Congress, the
President of the Senate declared the results of the election, and President
Obama began his second term on January 20, 2013. CA-SER 27-28. The
actions sought to be restrained have occurred and can no longer be restrained.

Plaintiffs' claims for declaratory relief also are moot. A claim for
declaratory relief is subject to the case-and-controversy requirement of
Article III just as is any other claim. *Aetna Life Ins. Co. of Hartford, Conn.
v. Haworth*, 300 U.S. 227, 240-41 (1937) (Declaratory Judgment Act does
not extend jurisdiction to controversies that are academic or moot). To be
justiciable, a declaratory relief claim must "show that there is a substantial
controversy, between parties having adverse legal interests, of sufficient

14

immediacy and reality to warrant the issuance of a declaratory judgment."
*Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).
Now that the California defendants have transmitted California's Certificate
of Ascertainment and Certificate of Vote to Congress, there is no live
controversy between the parties.  *See Super Tire Engineering Co. v.
McCorkle*, 416 U.S. 115, 123 (1974) (no case or controversy warranting
declaratory relief exists where purported "adverse effect" is so remote that
there is "no tangible prejudice to the existing interests of the parties");
*Center For Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007)
(same).  Any remaining dispute between the parties is academic and not
justiciable.[7]  *See Aetna Life Ins. Co.*, 300 U.S. at 240-41; *Keyes v. Bowen*,
189 Cal. App. 4th 647, 661 (2010), *cert. den.* ___ U.S. ___, 132 S.Ct. 99
(2011) (California Secretary of State has no duty to investigate and
determine whether a presidential candidate is constitutionally eligible for
office).

---

[7] As far as the California defendants are concerned, the claim that
President Obama is ineligible for office is moot for an additional reason.
President Obama won the Electoral College vote by a vote of 332-206.
CA-SER 28.  California has 55 votes.  *Ibid.*  Even if the California votes
were subtracted from President Obama's total and for some reason given to
Governor Romney, the result of the Electoral College vote would not
change.

15

An exception to the mootness doctrine exists for allegedly illegal government actions that are capable of repetition, yet evading review. *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911); *Headwaters, Inc.*, 893 F.2d at 1016.  But the "'repetition/evasion' exception is a narrow one, and applies only in 'exceptional situations.'"  *Lee v. Schmidt–Wenzel,* 766 F.2d 1387, 1390 (9th Cir. 1985) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)).  The exception does not apply here because the allegedly illegal acts challenged by plaintiffs cannot be repeated in the future.  President Obama has been elected to a second term as President of the United States.  The Twenty-Second Amendment prohibits persons from being elected to the office of President more than twice. U.S. Const. amend. XXII, § 1.  California will never again execute a Certificate of Ascertainment or a Certificate of Vote for Electoral College delegates pledged to President Obama.  Thus plaintiffs' claims as to the California defendants cannot recur.

Plaintiffs raise two points to support their argument that their claims against the California defendants are not moot.  First, plaintiffs argue that a declaratory judgment in their favor could be "forwarded to the U.S. Congress with a request for a Redress of Grievance under the First Amendment to the U.S. Constitution, specifically a grievance to impeach

16

Obama and remove him from office." AOB at 26. This argument concedes
that declaratory relief is inappropriate—a declaration would not resolve the
controversy "through a decree of a conclusive character." *Aetna Life Ins.
Co.,* 300 U.S. at 241. Rather, as plaintiffs admit, the declaration they seek
would simply be a first step in an effort to seek a definitive resolution from
a co-equal branch of government, Congress.

    Second, plaintiffs argue that President Obama might run for some other
office. AOB at 28-30. This is pure speculation and is inadequate to support
a claim for declaratory relief. *See Maryland Cas. Co.,* 312 U.S. at 273
(plaintiffs' burden is to show "a substantial controversy, between parties
having adverse legal interests, of sufficient immediacy and reality to warrant
the issuance of a declaratory judgment"; *see also San Diego County Gun
Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (to obtain
declaratory relief, a plaintiff must "show a very significant possibility of
future harm; it is insufficient for them to demonstrate only a past injury").
In any event, the issue whether President Obama is a natural born citizen
would not arise even if he were to run for other office. The "natural born
citizen" requirement is unique to the office of President; it does not apply to
other offices. *See* U.S. Const. art. II, § 1, cl. 5 (only "a natural born Citizen"
who has attained the age of thirty-five years and has been a resident of the

17

United States for fourteen shall be eligible to the Office of President); art. I,

§ 2, cl. 2 (member of House of Representatives must be at least 25 years old,

must have been a citizen for seven years, and must be an inhabitant of the

State in which he is chosen); art. I, § 3, cl. 3 (Senator must be at least

30 years old, must have been a citizen for nine years, and must be an

inhabitant of the State in which he is chosen).

Plaintiffs' claims against the California defendants are moot because

plaintiffs' alleged injuries cannot be remedied by a favorable decision.  *See*

*Lujan*, 504 U.S. at 560-61.  Questions about the bona fides of other

presidential candidates in future elections are irrelevant and unripe.  The acts

that plaintiffs challenge in the present action—the processing and

transmission of presidential election certificates concerning Barack

Obama—cannot recur.

## II.   PLAINTIFFS' CLAIMS INVOLVING PRESIDENT OBAMA'S ELIGIBILITY FOR OFFICE PRESENT A NONJUSTICIABLE POLITICAL QUESTION

The political question doctrine bars adjudication of a case where there

has been "a textually demonstrable constitutional commitment of the issue to

a coordinate political department" or where adjudication would express

a "lack of respect due coordinate branches."  *Baker v. Carr*, 369 U.S. at 217.

The district court correctly concluded that the Constitution assigns to

18

Congress the responsibility to determine whether a person is qualified to serve as President.[8] *See* U.S. Const. art. II, § 1 (establishing the Electoral College as the means of electing the President, and empowering "Congress [to] determine the time of choosing the electors, and the day on which they shall give their votes"); U.S. Const. amend. XII (empowering the President of the Senate to preside over a meeting between the House of Representatives and the Senate in which the President of the Senate counts the electoral votes and, if no candidate receives a majority of presidential votes, authorizing the House of Representatives to choose a President among the top three candidates); U.S. Const. art. I, § 2, cl. 5; U.S. Const. art. I, § 3, cl. 6; U.S. Const. art. I, § 3, cl. 7 (giving Congress alone the power to remove the President from office).

Plaintiffs contend that three cases establish the authority of the Secretary of State to investigate a presidential candidate's qualifications.[9] AOB at 15-18.  They are mistaken.

---

[8]  The California defendants join the answering brief of the federal defendants on the political question issue and on the standing issue.

[9]  Plaintiffs make no claim that the Governor (also a defendant in this action) has authority to investigate presidential candidates.

19

*Peace and Freedom Party v. Bowen*, 912 F. Supp. 2d 905 (E.D. Cal. 2012), *appeal docketed*, No. 13-15085 (9th Cir. Jan. 4, 2013), concerned a claim that the Secretary of State had wrongfully failed to place a Peace and Freedom Party presidential candidate on the 2012 primary ballot. The district court dismissed the claim, noting that well before the primary ballots were printed, the candidate's agent (her attorney) had admitted in a letter to the Secretary of State's office that the candidate was 27 years old, and therefore ineligible. *Id*. at 907. *Peace and Freedom Party* does not hold that the Secretary has the authority to investigate the qualifications of presidential candidates; rather it holds that the Secretary can exclude an admittedly ineligible presidential candidate from the ballot. *Id*. at 910.

Next plaintiffs assert that in *Cleaver v. Jordan*,[10] a former Secretary of State failed to put Peace and Freedom Party candidate Eldridge Cleaver on the ballot in 1968 because he was not yet 35 years old. AOB at 15-16. Assuming that that is true, *Cleaver*—like *Peace and Freedom Party*—simply demonstrates that the Secretary may remove indisputably unqualified candidates from the ballot. *See Keyes v. Bowen*, 189 Cal. App. 4th at 660

---

[10] There is no reported opinion in *Cleaver*. Plaintiffs cite to the California Supreme Court minutes, which are not reported. AOB at 15. The United States Supreme Court denied certiorari in a one-word order. *Cleaver v. Jordan*, 393 U.S. 810 (1968).

("the fact that former Secretary of State Jordan excluded a candidate who indisputably did not meet the eligibility requirements does not demonstrate that the Secretary of State has a clear and present ministerial duty to investigate and determine if candidates are qualified before following the statutory mandate to place their names on the general election ballot").

Finally plaintiffs claim that in *Fulani v. Hogsett*, 917 F.2d 1028 (7th Cir. 1990), the Seventh Circuit decided "on the merits" a claim that Indiana elections officials had wrongly put the Republican and Democratic presidential nominees on the general election ballot. AOB at 16. This is not true. In *Fulani* the Seventh Circuit simply concluded that plaintiffs—the New Alliance Party candidates for President and Vice President of the United States in 1988—had standing to bring an action under 41 U.S.C. § 1983. *Id*. at 1029-1030. The plaintiffs there alleged that Indiana elections officials had violated their rights when they allowed both the Republican and Democratic presidential candidates on the ballot after the Indiana Secretary of State had failed to certify those candidates by a statutory deadline. *Id*. However the court did not reach the merits because it found that the action was barred by laches; plaintiffs had waited eleven weeks to bring their action, during which time the state had printed the ballots and commenced absentee balloting. *Id*. at 1031. *Fulani* is inapposite because it did not reach

21

the merits, it did not present the question whether state elections officials have authority to investigate the qualifications of presidential candidates, and it did not discuss the Political Question Doctrine.

The decisions cited by plaintiffs do not support treating their challenge to President Obama's eligibility for office as justiciable.

### III.  THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS OF ALLEGEDLY INVALID VOTER REGISTRATIONS

The Amended Complaint added a claim for declaratory and injunctive relief concerning alleged "invalid" voter registrations.  ER 146.  Specifically, a new plaintiff, Orly Taitz, alleged that she was a candidate for statewide office in the 2010 and 2012 primary elections (though not for president) and that she was "aggrieved" by more than 1.5 million invalid voter registrations in California.  ER 146.  Plaintiffs claimed that the 1.5 million voter registrations were invalid because they did not state the voter's place of birth, in violation of California Elections Code section 2150.  ER 157-158.  Thus plaintiffs sought injunctive and declaratory relief "to clean up California voter [rolls]" and to have a special election.  ER 160.  For several reasons, the district court did not abuse its discretion by dismissing this claim.

First, plaintiffs' claim of invalid voter registrations is based wholly on state law and therefore is barred by the Eleventh Amendment. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) (a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is barred by the Eleventh Amendment).

Second, plaintiffs' claim that 1.5 million voter registrations are "invalid" fails to state a claim to relief "that is plausible on its face." *Twombly*, 550 U.S. at 570. The claim is premised on California Elections Code section 2150(a)(6), which requires an affidavit of registration to show the state or country of an affiant's birth. ER 157. But plaintiffs ignore the fact that since 1993 the federal National Voter Registration Act has required California and all other states to use a uniform mail voter registration form.[11] The mandatory federal form does not ask for place of birth. CA-SER 34-

---

[11]  *See* 42 U.S.C. § 1973gg-4(a)(1): "Each State shall accept and use the mail voter registration application form prescribed by the Federal Election Commission pursuant to section 1973gg-7(a)(2) of this title for the registration of voters in elections for federal office." In 2002 responsibility for preparing the uniform voter registration form was transferred from the Federal Election Commission to the federal Election Assistance Commission. *See* 42 U.S.C. § 1973gg-7(a), Pub.L. 107-252, § 802(b).

23

38.[12] Thus even accepting plaintiffs' allegations as true, the fact that many California voter registration cards do not state the voter's birthplace does not create a plausible claim that the registrations are invalid. It simply shows that many voters have used the federal voter registration form.

Third, to the extent that plaintiffs attempt to state an equal protection claim, there is no free-hanging federal equal protection right "to clean up California voter [rolls]." ER 160. In *Bush v. Gore*, 531 U.S. 98 (2000), the Supreme Court held that a statewide recount of presidential election ballots may, under very limited circumstances, be subject to an equal protection claim:

> The question before the Court is not whether local entities, in the exercise of their expertise, may develop different systems for implementing elections. Instead, we are presented with a situation where a state court with the power to assure uniformity has ordered a statewide recount with minimal procedural safeguards. *When a court orders a statewide remedy, there must be at least some assurance that the rudimentary requirements of equal treatment and fundamental fairness are satisfied.*

---

[12] Also available on the Election Assistance Commission's website at http://www.eac.gov/voter_resources/register_to_vote.aspx [last visited January 28, 2014] and on the California Secretary of State's website at http://www.sos.ca.gov/elections/elections_faq.htm [last visited January 28, 2014].

*Bush*, 531 U.S. at 109 (emphasis added).  To state an equal protection claim,

plaintiffs must credibly allege that state election *procedures* are inconsistent

"with [the state's] obligation to avoid arbitrary and disparate treatment of the

members of its electorate."  *Id.*; *accord*, *Charfauros v. Board of Elections*,

249 F.3d 941, 951 (9th Cir. 2001).  Here there is no allegation that

California election procedures are inadequate to avoid arbitrary treatment of

voter registration affidavits, nor could there be.  As to any particular election,

any California elector has the right to file an election contest asserting that

illegal votes were cast.[13]  Cal. Elec. Code § 16100(d).  To the extent that

plaintiffs seek to assert a claim that elections officials have not adequately

maintained voter rolls, that claim could be asserted by a petition for writ of

mandate in superior court.  Cal. Civ. Proc. Code § 1085.

The district court did not abuse its discretion by declining to exercise

supplemental jurisdiction over plaintiffs' state law claims.[14]

---

[13]  No election contest was filed concerning the 2012 presidential
election.

[14]  Nor did the district court abuse its discretion by denying plaintiffs'
application to correct their Amended Complaint.  A district court does not
abuse its discretion in denying leave to amend where the deficiencies of the
complaint cannot be cured by amendment.  *DeSoto v. Yellow Freight Sys.,
Inc.*, 957 F.2d 655, 658 (9th Cir. 1992); *Balistieri v. Pacifica Police Dep't*,
901 F.2d 696, 699 (9th Cir. 1990).

## CONCLUSION

For the reasons set forth above, the judgment of the superior court should be affirmed.

Dated:  January 29, 2014        Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DOUGLAS J. WOODS
Senior Assistant Attorney General
MARK R. BECKINGTON
Supervising Deputy Attorney General

/S/ GEORGE WATERS

GEORGE WATERS
Deputy Attorney General
*Attorneys for Appellees Edmund G. Brown
Jr., Governor of California, and Debra
Bowen, Secretary of State of California*

SA2013112100
11267456.doc

## STATEMENT OF RELATED CASES

To the best of our knowledge, there are no related cases.

Dated:  January 29, 2014              Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
DOUGLAS J. WOODS
Senior Assistant Attorney General
MARK R. BECKINGTON
Supervising Deputy Attorney General

/S/ GEORGE WATERS

GEORGE WATERS
Deputy Attorney General
*Attorneys for Appellees Edmund G. Brown*
*Jr., Governor of California, and Debra*
*Bowen, Secretary of State of California*

27

# CERTIFICATE OF COMPLIANCE
## PURSUANT TO FED.R.APP.P 32(a)(7)(C) AND CIRCUIT RULE 32-1
## FOR 13-16359

I certify that:  (check (x) appropriate option(s))

**[X]**  1.  Pursuant to Fed.R.App.P. 32(a)(7)(C) and Ninth Circuit Rule 32-1, the attached **opening/answering/reply/cross-appeal** brief is

    **[X]**  Proportionately spaced, has a typeface of 14 points or more and contains 5,427 words (opening, answering and the second and third briefs filed in cross-appeals must not exceed 14,000 words; reply briefs must not exceed 7,000 words

or is

    **[ ]**  Monospaced, has 10.5 or fewer characters per inch and contains _____ words or ___ lines of text (opening, answering, and the second and third briefs filed in cross-appeals must not exceed 14,000 words or 1,300 lines of text; reply briefs must not exceed 7,000 words or 650 lines of text).

**[ ]**  2.  The attached brief is **not** subject to the type-volume limitations of Fed.R.App.P. 32(a(7)(B) because

    **[ ]**  This brief complies with Fed.R.App.P 32(a)(1)-(7) and is a principal brief of no more than 30 pages or a reply brief of no more than 15 pages.

or

    **[ ]**  This brief complies with a page or size-volume limitation established by separate court order dated _____ and is

    **[ ]**  Proportionately spaced, has a typeface of 14 points or more and contains _____ words,

or is

    **[ ]**  Monospaced, has 10.5 or fewer characters per inch and contains ___ pages or ___ words or ___ lines of text.

**[ ]**  3.  Briefs in **Capital Cases**.
This brief is being filed in a capital case pursuant to the type-volume limitations set forth at Circuit Rule 32-4 and is

    **[ ]**  Proportionately spaced, has a typeface of 14 points or more and contains _____ words (opening, answering and the second and third briefs filed in cross-appeals must not exceed 21,000 words; reply briefs must not exceed 9,800 words).

or is

    **[ ]**  Monospaced, has 10.5 or fewer characters per inch and contains ___ words or ___ lines of text (opening, answering, and the second and third briefs filed in cross-appeals must not exceed 75 pages or 1,950 lines of text; reply briefs must not exceed 35 pages or 910 lines of text).

☐  4. **Amicus Briefs**.

☐   Pursuant to Fed.R.App.P 29(d) and 9th Cir.R. 32-1, the attached amicus brief is proportionally
spaced, has a typeface of 14 points or more and contains 7,000 words or less,

or is

☐   Monospaced, has 10.5 or few characters per inch and contains not more than either 7,000
words or 650 lines of text,

or is

☐   Not subject to the type-volume limitations because it is an amicus brief of no more than 15
pages and complies with Fed.R.App.P. 32 (a)(1)(5).

| | |
|---|---|
| January 29, 2014 | /s/ George Waters |
| Dated | George Waters |
| | Deputy Attorney General |

9th Circuit Case Number(s) | 13-16359

NOTE: To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | Jan 29, 2014 | .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/ Marianne Baschiera

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | | .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format) |