## IN THE NINTH CIRCUIT COURT OF APPEALS

## CASE# 13-16359

_____

## JAMES GRINOLS, EDWARD NOONAN, THOMAS MACCLERAN, ROBERT ODDEN, KEITH JUDD, ORLY TAITZ

## APPELLANTS

## V

## ELECTORAL COLLEGE, U.S. CONGRESS, GOVERNOR OF CALIFORNIA, SECRETARY OF STATE OF CALIFORNIA, BARACK OBAMA

## APPELLEES

## APPELLANTS' REPLY TO APPELLEES' BRIEF

**ORLY TAITZ**

**29839 SANTA MARGARITA, STE 100**

**RANCHO SANTA MARGARITA, CA, 92688**

**PH 949-683-5411, FAX 949-766-7603**

**COUNSEL FOR PLAINTIFFS**

## STATEMENT OF FACTS

The case at hand is brought by a group of presidential candidates, electors and voters. This case revolves around evidence, such as sworn affidavits of experts and law enforcement officials and government records, that show that Barack Obama, aka Barry Soetoro, aka Barry Soebarkah, is a citizen of Indonesia, listed in his official school records from Indonesia as a citizen of Indonesia, his legal last name is listed as either Soetoro or Soebarkah, not Obama, and he is using a stolen Connecticut Social Security number xxx-xx-4425 which failed both E-verify and SSNVS and was shown not to be issued to Obama. Plaintiffs asserted that Obama committed fraud and fraudulently asserted his identity, his U.S. citizenship and legitimacy for the U.S. Presidency. Plaintiffs sought both injunctive and declaratory relief against defendants that included the Secretary of State of California, Governor of California, Barack Obama in his capacity as a candidate for President in 2012 election, U.S. Congress and U.S. Electoral College. The case was brought before the Electoral college received the Certificate of Vote and Certificate of Ascertainment from the Secretary of State and from the Governor, before the electoral vote by the Electoral college, before the confirmation of

Obama by the joint session of the US House of Representatives and the US Senate and before swearing in of Obama by the Justice of the Supreme Court of the United States.

One of the central issues of the case is the fact that the U.S. Attorneys lied to the court and appeared in the court claiming to represent the U.S. Electoral college and the U.S. Congress. Plaintiffs received information that the U.S. Attorneys never contacted the members of the Electoral college, never forwarded the information and pleadings to them and acted without any consent of their alleged clients and against the wishes of their "clients". Plaintiffs provided the court with a signed declaration of one of the members of the Electoral college attesting to the above. U.S. attorneys never denied the aforementioned facts.

Further, attorney for the plaintiffs met with a number of members of the U.S. Congress, who advised her that the U.S. Attorneys on the case never contacted them, never provided any information or pleading to them and these U.S. Attorneys acted without their consent. U.S. Attorneys never denied these facts. This information was provided to the presiding judge with the request to recuse the U.S. Attorneys on the case and for the court to appoint new counsel, who would apprise the US Electoral college and U.S. Congress of the evidence in the case and would act according to the wishes of his clients.

Presiding Judge, Hon Morrison England colluded with the U.S. Attorneys Benjamin Wagner and Ed Olsen in de facto defrauding the U.S. Congress and hiding from the U.S. Congress all evidence of Obama's use of fabricated IDs. Judge England cancelled a hearing on the motion to recuse the U.S. Attorneys, held a hearing on the motion by the U.S. Attorneys to dismiss the case, even though he knew that they do not represent the clients that they allege to represent, and he denied the motion to recuse the U.S. attorneys as moot.

Judge England refused to grant the Default Judgment against Defendant Obama, even though Obama refused to accept service of process at his residence, demanded to be served through the Department of Justice, was served by the professional service at the Department of Justice and was served through the U.S. Attorney, Obama was obligated to use his own defense attorney, as he was sued as a candidate. He did not hire a defense attorney, did not furnish an answer or any other responsive pleadings and the court refused to issue a default judgment.

The court found standing to sue for plaintiff Keith Judd, who came second with 40% of the vote in the West Virginia Democratic party primary election. The court did not find   standing for other parties.

The court ruled that it did not have jurisdiction in this case finding the issues to be non-justiciable and based on Speech and Debate clause.

The court declined to hear the state issue of elections fraud in CA after it ruled that it did not have jurisdiction to hear the federal issues.

Plaintiffs/appellants have submitted a 56 page Appellants brief, where all the issues were addressed at length. Defendants submitted their Appellees brief. Appellants are submitting this optional Reply Brief not to regurgitate the 56 page Appellants brief, but to clarify a number of points that were misrepresented in the Appellees brief.

## ARGUMENT

**1. US ATTORNEYS OFFICE NEVER DENIED AND THEREFORE ADMITTED THAT THEY DID NOT REPRESENT EITHER THE ELECTORAL COLLEGE OR THE US CONGRESS AND FRAUDULENTLY FILED A MOTION TO DISMISS AND OPPOSITION TO INJUNCTION WITHOUT ANY KNOWLEDGE AND CONSENT OF THEIR ALLEGED CLIENTS.**

US Attorneys Wagner and Olsen appeared before Judge England and claimed that they represent the U.S. Congress and the U.S. electoral college and their clients want the case dismissed and oppose the injunction.

Plaintiffs presented the court with a statement from Presidential elector Ascoli, who stated that the U.S. Attorneys never contacted him, never advised him of their filings and their assertions were opposite of what he, as a Presidential elector, wanted to do.

Attorney for Plaintiffs Taitz filed a declaration with the court that she travelled to Washington DC for CPAC convention, talked to a number of members of Congress, who advised her that US Attorneys Wagner and Olsen never contacted them and never forwarded any pleadings and that their position was opposite to the position asserted by the US Attorneys.

Taitz sought an administrative hearing, seeking to recuse the US Attorneys' office from representing U.S. Electoral College and U.S. Congress. Judge England postponed the hearing, scheduled a motion to dismiss by the US Attorneys, even though he knew that they do not represent their alleged clients, and ultimately he dismissed the case and denied the motion to recuse as moot.

In their appeal Wagner and Olsen never denied that they lied to the court, that they defrauded the U.S. Congress and violated their ethical obligations and filed the pleadings without any knowledge and consent of the alleged clients.

They provided only one lame excuse, they stated that "U.S. Attorney's Office had no obligation to poll each Member of Congress and obtain their individual consent to file an opposition to the motion for temporary restraining order and to motion to dismiss" Appellees' brief p58 .

This is an admission to an unprecedented lawlessness and unprecedented abuse of power by the U.S. Attorneys' office which is a part of the executive branch and representing the legislative branch in the case at hand.

U.S. Attorneys are employees of the executive branch working for the President and appointed by the President. U.S. Attorneys knew that the U.S. Congress has more Republicans than Democrats, 235 GOP representatives and 45 Senators, total 280 Republicans; with 200 Democrats in the House, 53 in the Senate and 2 independents in the Senate caucusing with the Democrats, total 253, maybe 255 Democrats.

So U.S. Attorneys knew that if they were to forward the pleadings and evidence to members of Congress, majority would not oppose the Motion for Injunction and would not want the case dismissed. So, the U.S. Attorneys devised a plan to go behind the back of the members of the Congress, defraud

the court and defraud the nation. They told Judge England that they represent the U.S. Congress and on behalf of their clients whey want the case dismissed.

This is an extremely dangerous usurpation of power of the equal branch of the government, mainly the U.S. Congress, by the Executive branch working for the President, who is the defendant in the law suit at hand.

Further, the U.S. Attorneys sought to usurp the power of the third branch of the U.S. government, namely the Judiciary, when they lied to Judge England and claimed that they represent the US. Congress and the Electoral college.

Further, in their Appellees brief the US Attorneys stated that the "Electoral college is not an entity subject to suit. Rather, it is a term used to refer collectively to the individual electors chosen by each state and the District of Columbia"

This argument does not hold water either.

If the U.S. Attorneys believe that Electoral College does not exist, why did they file pleadings on behalf of the Electoral College? They should not have filed any pleadings on behalf of the Electoral College.

Secondarily, the U.S. Congress is also an entity, which comprises of individuals elected by the citizens of different states; however it exists and can be sued.

This is a breathtaking arrogance and criminality for the U.S. Attorneys, who were supposed to uphold the law, but chose to lie to the judge and state that they represent the Electoral college, while they did not notify the members of the electoral college, and later, when caught lying, to claim that the Electoral college does not exist.

Electoral college is an important institution, members of the Electoral college are there to provide additional protection against electoral fraud, refuse to certify ineligible candidates. They were prevented from fulfilling their function by the U.S. Attorneys and the court.

Further, when Judge England received from Taitz information that the U.S. Attorneys lied and filed motions on behalf of the members of the U.S. Congress and Electoral College, he had a duty to hold an immediate administrative hearing on the matter. Since U.S. Attorneys Wagner and Olen were caught lying, they had to be recused from representing the defense and a different counsel had to be appointed, such counsel had to provide the court with verification that he is indeed representing the U.S. Congress and the

Electoral college, that they received the pleadings and evidence and agreed to representation and motions.

When Judge England manipulated the docket and covered up the lack of notification of the alleged "clients" and lack of their consent, a de facto criminal conspiracy formed between representatives of two branches of the U.S. government with the goal to defraud the third branch of the U.S. Government, the U.S. Congress. This was done by officials who were entrusted to uphold the law.

Moreover, this was done on the most important issue the Electoral college and the U.S. Congress have to decide and render decision, an issue of fraud and forgery committed by a candidate for the U.S. President, his assertion  of his identity, U.S. citizenship and legitimacy based on a stolen Social Security number and fabricated IDs. These actions by the U.S. Attorneys and the lower court judge amount to a conspiracy to commit treason and aid and abet usurpation of the U.S. Presidency

For this reason alone this court has a duty to revoke and reverse the decision by the lower court. If the Ninth Circuit does not do so, the Ninth Circuit court of Appeals becomes criminally complicit in the criminal conspiracy to defraud

the U.S. Congress and the electoral College and commit treason against the U.S. and the U.S. Constitution.

## 2. ARGUMENT THAT ELIGIBILITY OF A CANDIDATE FOR PRESIDENT IS ONLY FOR CONGRESS TO DECIDE IS WITHOUT MERIT.

Recently Ninth Circuit conducted an oral argument in *Peta Lindsey et al v Debra Bowen* 13-15085. (exhibit 1) There is no decision yet, however statement by the Chief Judge of the 9th Circuit, Alex Kozinski and Judges Diarmuid O'Scannlain and Mary Murguia illustrate that the 9th Circuit agrees with the argument by the Appellants in this case, namely that the fact that the U.S. Congress has a right to impeach and remove from office a President who got into the position of presidency by fraud, does not mean that the state officials do not have the right to remove from the ballot and not certify a candidate, who was not eligible.

In Lindsey Secretary of State of California threw off the ballot a candidate for President Peta Lindsey, who was not 35 years old, as required by the U.S. Constitution.

Chief Judge of the 9th Circuit, Alex Kozinski, clearly expressed to the parties that the theory that eligibility of the candidate is a political, non-justiciable question, is

an utter nonsense. There is nothing in the US Constitution saying that vetting a candidate for President is an exclusive function of the U.S. Congress.

" 01:43 Attorney Barnes: ...The Constitution carefully creates a system whereby any dispute about the qualification of a person to hold the office of the Presidency is determined by the 12th Amendment, the 20th Amendment, and-

01:55 Judge Kozinski: **Where does is say it's exclusive**?" "03:25 attorney Barnes: The key question is whether she (Secretary of State)  has this authority in general....

03:36...**I mean let's say, some party, not the Peace and Freedom party, but some party nominated a dog for President. I take it the Secretary of State would have to keep that off the ballot, right**?" 02.13.2014 oral argument in *Lindsey v Bowen"*

So the Chief Judge of the 9th circuit clearly shows how ridiculous the argument is. Ability of the U.S. Congress to impeach and remove from office the U.S. President does not prevent the State officials from removing from the ballot or not certifying one, who is not Constitutionally eligible, Congress does not prevent the courts from adjudicating whether state officials were correct in their decision to certify or de-certify an election. Ability of the U.S. Congress to remove a President from

office does not prevent the electoral college from not certifying a non-eligible individual.

As appellants stated in their opening brief, this was the case before as well. Secretary of State of California Frank Jordan threw off the ballot candidate for President Eldridge Cleaver for being non-eligible, similarly in *Fulani v Hogsett* the court ruled on the eligibility of Presidential candidates.

The whole nonsense of eligibility of the US Presidents being a non-justiciable issue was invented recently, in 2008, when both candidates for the U.S. President were not eligible and the courts were desperately searching for any, albeit bogus excuse, to keep them on the ballot. John Mccain, GOP 2008 Presidential candidate, was born in Panama. Obama, based on his own biography, submitted by him to his publisher, was born in Kenya. We cannot find any law or any precedent before Obama started running, before 2008, which would show that the state officials, the electoral college and the court cannot remove from office and/or decertify as a winner of the election, a person, who is not constitutionally eligible or a person using stolen and fabricating IDs to run for the US President.

The court had already found that Presidential candidate Keith Judd had standing in this case, so even if this court confirms that other plaintiffs did not have standing,

this case should proceed on the merits, as standing was confirmed by the court for Plaintiff Keith Judd.

## 3. BASED ON THE DECISION OF THE 9TH CIRCUIT IN KEYES V OBAMA JUDGE ENGLAND WAS OBLIGATED TO HEAR THE CASE ON THE MERITS AND HAD NO RIGHT TO CLAIM LACK OF JURISDICTION

As stated, Judge England already found that Plaintiff Keith Judd had standing. Both the lower court and Appellees agreed that competitive standing doctrine applied based on Keyes(Drake) v Obama664 F3d at 784.

  Further, the lower court and Appellees in their brief misrepresented prior decision of the 9th court in Keyes (Drake) v Obama 664 F3d at 784 "Once the 2008 election was over **and President sworn in,** Keyes, Drake and Lightfoot were no longer "candidates" for the 2008 general election". At issue is swearing in of the President, which represents the cutoff point in the mind of the 9th Circuit. The lower court and the Appellees are attempting to misrepresent the decision in Keyes and claim that after the general election in November  there is no more competitive standing. This is flagrantly wrong, as it goes against the decision by the 9th Circuit and it would de facto dismantle, negate the whole system of checks and balances:

a. confirmation of the candidate by the Electoral College

b. confirmation of candidate by the U.S. Congress

c. swearing of the candidate by the Justice of the Supreme Court.

U.S. Constitution provides for two more months of processes to do additional vetting of the candidate. In *Keyes* the 9th Circuit ruled that the cut off in the Federal court's jurisdiction i**s after the Candidate is sworn in**. The case was filed two months before the swearing in and the court had jurisdiction. <u>The court erred and abused its' judicial discretion in ruing that it did not have jurisdiction  and based on this fact alone the decision in this case  has to be reversed.</u>


## 4. JUDGE ENGLAND HAD NO RIGHT TO DE FACTO ABOLISH THE ELECTORAL COLLEGE

District court found standing for Plaintiff Judd, but not for other plaintiffs.

The court found that damages of other parties are generalized. However two of the plaintiffs are electors of the electoral college.

Electoral college is a group of 535 individuals, so it is a defined class of plaintiffs. Further, the whole purpose of the electoral college is to create an additional layer of protection, specifically to decertify a winner of the popular vote, if such winner did not qualify constitutionally. By depriving members of the Electoral college of

standing, Judge England de facto abolished the electoral college. No Judge have jurisdiction to abolish a constitutional institution, so the court definitely erred and abused its 'jurisdiction in finding that plaintiffs, members of the Electoral college do not have standing and their grievance is generalized.


## 5. STANDING OF GOP ELECTOR JAMES GRINOLS IS UNDENIABLE, AS HIS DAMAGES ARE NOT ONLY PLAUSIBLE BUT 100% CERTAIN.

Appellants advised the court that Plaintiff –Appellant James Grinols is an elector for GOP Presidential candidate Mitt Romney. Romney was a second finisher in 2012 election and lost by 1.5% of the popular vote. If the court were to issue declaratory relief that Obama ran for US president based on fraud and forgery, using a stolen CT Social Security number xxx-xx-4425 of Harry Bounel, as well as using fabricated IDs in order to fraudulently assert his identity, U.S. citizenship and eligibility, then Romney would become the winner of the 2012 election and Grinols would become  2012 Presidential elector, member of the electoral college, would become a part of the US history and would be paid daily allowance as an elector.

The case at hand was filed before the Electoral College meeting,    before the confirmation by the U.S. Senate and before taking an oath of office in 2013.

Grinols was wrongfully deprived of his position as a member of the 2012 Electoral College by erroneous action of the lower court.

To counter this assertion Appellees brought forward two cases, where a plaintiff was a write in candidate and where an elector came from a minor party, where the courts found damages to be speculatory, however, since Grinols was a Romney GOP elector, his damages were not speculatory. not only Grinols damages were plausible, they were certain. For that reason Grinols had standing.

## 6. US ATTORNEYS REPRESENTING DEFENSE ACTED IN UNETHICAL MANNER BY TRYIN TO IMPLY THAT THE ISSUE OF OBAMA'S USE OF STOLEN AND FABRICATED IDS WAS EVER HEARD ON THE MERITS AND WAS EVER ADJUDICATED.

Appellees are attempting to mislead this court by trying to create an impression that the issue of Obama's eligibility was already adjudicated. This is absolutely not true. All prior cases were dismissed for technical reasons before they reached the discovery, on the issue of standing of the plaintiffs, ripeness and mootness.  The issue was never adjudicated on the merits. No judge has ever seen any IDs for Obama, there was never any explanation provided why Obama is using a Social Security number, which failed both E-verify and SSNVS and showed as the never

that was never issue to Obama. Further,   Just recently it was reported by the White House that Obama's application for ACA(Obamacare) was rejected by the Washington DC exchange, as the system could not verify Obama's identity.

Today we are seeing the biggest embarrassment to the U.S. and the biggest threat to the U.S National security, as an individual with a stolen Social Security number and fabricated IDs  is sitting in the White House , usurping  the position of the US President

## 7.   THE   DISTRICT   COURT   HAD   JURISDICTION   TO   ISSUE DECLARATORY RELIEF.

Here, it appears that the US Attorneys are simply trying to extend he dictatorial power of the Obama administration and deprive the courts of their role and jurisdiction to issue declaratory relief, particularly on the issue of Obama using fabricated IDs.

Appellants brought forward the case of *Fullani v Hogsett* 917 F 2.d 1028 (7th Cir. 1991). Appellants have shown that in Fulani the District court and the 7th Circuit have found that a minor party candidate Eleanor Fulani had standing to sue legitimacy of both Republican and Democratic party candidates to be on the ballot.

Appellees wrote that none of the plaintiff's -Presidential candidates were on the ballot in any state. This is flagrantly not true.  As a matter of fact Plaintiffs advised

the court both in their pleadings and oral argument that Plaintiff Keith Judd got 40% of the vote in the Democratic Party primary in West Virginia. The matter was widely publicized in the media, as it was an embarrassing fact for Obama, that 40% of West Virginia Democrats were willing to chose someone else. If Obama were to be found not eligible due to fraud, due to his Indonesian citizenship, fabricated IDs and a last name  not legally his, it would be "no small boon" for an obscure candidate, like Chris Judd. Similarly in Fulani the 7th circuit ruled that without Republican and Democratic party candidates in Indiana a minor candidate, like Fulani, could win the election, "no small boon for a relatively obscure party" *id Fulani v Hogsett*. Judge England already ruled that Judd has standing, so *Fulani v Hogsett* supports the argument by the Appellants that the court has jurisdiction to render an opinion, plaintiff had standing and the court had to rule on the merits, to see if Obama indeed committed identity theft and elections fraud and whether Judd should have been declared the winner in at least one primary election.

Further, appellants brought forward *Cleaver v Jordan*, 393 U.S., 810 (1968)  where CA Secretary of State Frank Jordan removed from the ballot Presidential candidate Eldridge Cleaver, who was not constitutionally eligible, just like Obama. Cleaver appealed, his appeal was denied by the Superior court and the Supreme court of CA and the Supreme Court of the United States refused to hear the case certiorari.

Appellees are claiming that because Cleaver was adjudicated by the state court and the Supreme Court of CA, that means that the Federal court does not have jurisdiction.

This argument is without merit. An issue of constitutional eligibility of a candidate is  a matter of Federal law, which can be readily heard in either state or Federal court. In Cleaver there was only one plaintiff and one defendant, the candidate and the Secretary of State, there was no diversity and Cleaver chose to bring his challenge in the State court. In the case at hand there are multiple plaintiffs and defendants, some of the defendants are Federal defendants, there is diversity of citizenship and for this reason the case was brought in the federal court, however there is no question that a question relating to the U.S. Constitution, to federal law can be heard in the Federal court.

Further, Plaintiffs brought forward *Peace and Freedom v Bowen* 912 F supp. 2d 905 (E.D. Cal 2012). In Lindsey a Presidential candidate, Peta Lindsey, Peace and Freedom Party and her supporter, Richard Bauer, sued the Secretary of State of California, Debra Bowen,   claiming that Bowen had no right to remove Lindsey from the ballot due to the fact that eligibility of the candidate is a non-justiciable political question and neither the Secretary of State nor the Federal court have standing to rule on the question.

The U.S. District court for the same Eastern district of Ca disagreed and found that the court can rule on eligibility and the Secretary of state can make an administrative decision as well.

In Lindsey Secretary of State found somewhere that Lindsey was not 35 years old, not Constitutionally eligible,   and threw her of the ballot without any administrative hearing. At the time Bowen threw Lindsey of the ballot she was not sure that Lindsey was not eligible, she got the information from some unverified Internet publication. Only after the fact, after Lindsey was thrown of the ballot, did attorney for Lindsey admit that she was not 35, but claimed that eligibility of Lindsey is a political and non -justiciable question.

Ironically Lindsey is more eligible than Obama, as Lindsey at least has valid papers. In case of Obama, he does not have any valid papers, presented to the public only flagrant forgeries, admitted that in his school registration in Indonesia he was listed as citizen of Indonesia, this information was submitted to Bowen time and again, yet Bowen chose to act based on her political affiliation, keep ineligible citizen of Indonesia Obama on the ballot and claim that she has no right to decide on eligibility of the candidate and the court has no right, no jurisdiction to  decide.

The court ruled that it can decide on eligibility of a candidate for President, ruled that Lindsey was not eligible.

In Obama's case the court did not rule that Obama is eligible, the court did not rule that Obama has any valid papers, the court ruled the opposite of what it ruled just one month earlier in Lindsey case, it ruled that it  has no right to decide what it already stated previously in Lindsey case that it has  right to decide, namely eligibility of a candidate. Such actions by the curt not only represent an abuse of judicial discretion and an error, but represent a criminal act, a violation of the 14 th amendment equal protection right of parties similarly situated. During the oral argument in this court attorney Barnes representing Lindsey stated: "We asserted that we raised an equal protection question at least worthy of doing discovery as to what the Secretary of State actual motivation". During the hearing in this court, in the 9th Circuit, Chief Judge Kozinski noted that the  power of the U.S. Congress to rule on eligibility is not exclusive and expressed his feelings, as to how ridiculous the whole notion of eligibility being a non -justiciable political question is: " ...I mean **let's say, some party, not the Peace and Freedom party, but some party nominated a dog for President. I take it the Secretary of State would have to keep that off the ballot, right**?" 02.13.2014 oral argument in *Lindsey v Bowen"*

All of the precedents show that the Secretary of State and the District court have jurisdiction to rule administratively and legally on eligibility of a candidate for the

U.S. President. the lower court erred and the lower court decision should be reversed.

Further, defense tried to turn the argument on its' head by saying for example that *US v Nixon*, 816 . F2d 1022 (5th Cir1987) and *Clinton v Jones* 520 U.S. 681 (1997)  does not state that the court has jurisdiction to hear the case of Obama's use of fabricated IDs. In reality Article 3 court has jurisdiction to hear any and all cases arising under the federal law. U.S. Constitution is the Supreme Law of the land and to be  decided and interpreted by the Article 3 court. Article 2 Section 1, Clause 5 of the US Constitution is a part of the Federal law and under the jurisdiction of the Article 3 court.  As Judge Kozinski stated during  *Lindsey v Bowen* argument, there is "no exclusivity". The fact that the U.S. Congress has a right not to confirm a President -elect and impeach and remove him from office, does not give the Congress the exclusivity on this issue of determination of fraud and eligibility and does not prevent the court  from issuing declaratory relief. *US v Nixon* showed that even a sitting President does not have an absolute immunity against legal actions for fraud, for tortuous acts and for criminal complicity. In the case at hand Obama was sued as a candidate for the U.S. President. The case at hand was filed before Obama's election was confirmed by the Electoral college, before he was confirmed by the U.S. Congress and before he was sworn in by the

Justice of the Supreme Court. In the case at hand the court had even more jurisdiction then in *U.S. v Nixon.*

## 8. ACTIONS BY THE LOWER COURT AND THE U.S. ATTORNEYS DEPRIVED THE U.S. CONGRESS AND THE ELECTORAL COLLEGE FROM EXERCISING THEIR CONSTITUTIONAL DUTIES AND FROM MAKING AN INFORMED DECISION ON OBAMA'S CONFIRMATION.

Injunctive relief, discovery and decision on the merits were calculated to provide for a determination on the merits on the issue of Obama's use of fabricated IDs, his Indonesian citizenship and fraud committed by Obama on the issue of his eligibility to run for the U.S. President.  This determination was essential for the members of the  U.S. Electoral college and members of the U.S. Congress to fulfill their constitutional duties and decide whether to confirm Obama as the U.S. President. The U.S. attorneys, who claimed to represent the U.S. Electoral College and the U.S. Congress without the consent and knowledge of these "clients" and the court which knowingly allowed such "representation" and which refused to hear the case on the merits, deprived the Electoral College and the U.S. Congress of an ability to perform their constitutional duties and ability to make an educated choice.

An assertion that since Obama is sitting in the white House as a result of 2008 election, somehow means that it gives him a free pass from vetting during 2012 election, is flawed as well. Every election is an election in itself. This notion would deprive the U.S. Judiciary, Electoral college and the U.S. Congress from an important function of vetting of the candidate wishing to run for the second term.

## 9. THE COURT ERRED IN USING SPEECH AND DEBATE CLAUSE AS A JUSTIFICATION FOR DISMISSAL, AS IT RELATES ONLY TO IMPRISONMENT AND PROSECUTION OF MEMBERS OF CONGRESS, HAS NO CONNECTION TO ELIGIBILITY AND THERE ARE ZERO PRECEDENTS FOR USE OF SPEECH AND DEBATE CLAUSE IN CASES LIKE THIS

The use of speech and debate clause is so bizarre, that it  shows the desperation of the court to find some excuse in dismissing the case.     The speech and Debate clause states: "The senators and Representatives shall... in all cases **except Treason, felony, and breach of the Peace, be privileged from Arrest** during their Attendance at the Session of their respective Houses, and in going to and returning from the same and for any speech and debate in either House, they shall not be questioned in any other place" Art 1§6, *cl*1

Speech and Debate only relates to prosecution and arrest of members of Congress for something that they states during Congressional debates, it is a qualified immunity. The case at hand never sought a prosecution of members of Congress. It never sought to have them prosecuted or arrested for something that they stated during debates.

As a matter of facts, if any members of the U.S. Congress knew of Obama's Indonesian citizenship and his use of fabricated IDs, these members of the U.S. Congress can and will be tried for treason for knowingly confirming as the U. S. President a foreign national with stolen and fabricated IDs. Speech and Debate clause will not protect them, **as Treason is excluded from Speech and Debate immunity.**

If anything, this case would have provided protection to the members of the U.S. Congress from liability and future prosecution for treason, as confirmation of Obama would have been stayed by the injunction until the court were to issue a declaratory relief on Obama's use of fabricated IDs, his use of a stolen CT Social Security number and his foreign citizenship.

At any rate, neither the court, nor Appellees in their response brief provided any precedents that would be remotely relevant in this case. A couple of cases brought by the Appellees in their brief relate only to either criminal or civil cases where

members of the U.S. Congress were sued based on something they stated during the Congressional debate.

While the members of the U.S. Congress have qualified immunity against persecution for their actions, there is judicial review of the acts of the U.S. Congress, which is an integral part of the system of checks and balances. U.S. courts routinely rule on constitutionality of bills, lawfulness or lawlessness and constitutionality of Congressional bills and decrees. Confirmation without objection of a known foreign citizen with bogus IDs represents an unconstitutional action. Just as the federal court found parts of ACA, Affordable care act, to be unconstitutional and in violation of the U.S. Constitution and federal laws, the federal court has an absolute power as an Article 3 court to issue Declaratory relief stating that the confirmation without objections of an individual committing identity fraud, is unconstitutional and illegal.

Judicial review and declaratory relief would have adjudicated the facts and would have provided members of Congress with guidance, whether to object or not. As stated in the Appellants' opening brief, there were precedents of objections by the members of the U.S. Congress to counting of votes for particular presidential candidates.

When the lower court refused to hear the case on the merits and refused to allow experts to testify, it deprived the members of the U.S. Congress of a necessary judicial review and deprived them of an ability to make an educated choice, to make a decision whether to object to Obama's votes or not based on facts and law.

If not for judicial review, arguendo one can bribe a simple majority of the members of Congress to knowingly confirm a foreign national as a U.S. President. Judicial review provides protection to the citizens of this nation that if indeed a foreign national with fabricated IDs were to be considered for confirmation by the joint session of the U.S. Congress, such judicial review would provide a temporary stay, discovery and adjudication on the merits of eligibility and a declaratory relief.

## 10. APPELLEES DID NOT OPPOSE AND THEREFORE ADMITTED THAT THERE WAS NO LEGAL AND FACTUAL IMPEDIMENT FOR THE COURT TO ISSUE A DECLARATORY AND INJUNCTIVE RELIEF PREVENTING OBAMA FROM TAKING AN OATH OF OFFICE AS A US PRESIDENT, SHOULD THE COURT FIND THAT OBAMA WAS INDEED COMMITTING FRAUD AND RAN FOR THE U.S. PRESIDENT USING A STOLEN SSN AND FABRICATED IDS

While defense attempted to find some excuses to issuing declaratory and injunctive relief against the U.S. Congress, it did not provide any argument stating that the

court did not have jurisdiction to issue declaratory and injunctive relief against Obama taking an oath of office as a U.S. President.

As pled before, the 9th Circuit ruled in *Keyes v Obama* 664 F3d at 784. , that Federal courts have jurisdiction to rule on eligibility of a candidate until the candidate is sworn in as a President of the United States. There was no legal or factual impediment preventing Judge England from hearing the case on the merits, deciding whether indeed Obama, as a citizen of Indonesia, committed fraud and asserted his identity, U.S. citizenship and eligibility for the U.S. Presidency by using a stolen Social Security number and fabricated IDs. There was no impediment to the lower court in issuing a declaratory relief and on those matters and issuing an injunctive relief preventing Obama from taking an oath of office of a U.S. President in January of 2013, if the court were to find that Obama was not eligible. The court erred and abused its' discretion in not issuing requested declaratory and injunctive relief against defendant Obama and its' decision should be reversed.

## 11. THE COURT ERRED IN DENYING THE PLAINTIFFS THE RIGHT TO CORRECT A TECHNICAL ERROR.

Plaintiffs notified the court that First Amended Complaint consisted of part 1 and part 2 due to the fact that only certain amount of pages could be uploaded each time. Part 1 ended in the middle of the sentence and the court could plainly see it. The State defendants noted that as well. By accident part 1 got attached and uploaded twice, but part 2 was not uploaded. Plaintiff asked the court for a leave to allow them to upload part 2. The court refused to allow to correct the error. The court stated that it limits the pleadings to 20 pages. While the court might be free to limit motions to 20 pages, the court was not free to limit the complaint to 20 pages, as this would infringe on plaintiff's right for redress of grievances and represent an abuse of judicial discretion. Plaintiffs sought a leave of court and were denied. The actions by the court in denying the plaintiffs their right to file a full First Amended Complaint represented and error and an abuse of Judicial discretion   which warrants a reversal on this basis alone.

## 12. COURT ERRED IN NOT ALLOWING EXPERT WITNESSES TO TESTIFY, EVEN THOUGH IT PREVIOUSLY STATED THAT IT WILL ALLOW THEM TO TESTIFY.

Attorney for Plaintiffs specifically asked the deputy for Judge England. The deputy advised Taitz that she needs to check with Judge England and will provide an answer shortly. Subsequently the deputy sent the attorney an e-mail stating that during the motion hearing for emergency Injunction each party would be allowed 20 minutes for oral argument and witnesses. Taitz, attorney for the Plaintiffs, paid for the expert to fly from Florida to California to testify  that Obama's birth certificate is indeed a forgery.

When the hearing started, Judge England refused to allow the expert to testify. This behavior by the judge is consistent with an outside pressure on the judge, which was exerted between the time the judge stated that the expert can testify and when the judge changed his opinion. Plaintiffs were prejudiced by this refusal, as the expert was prepared to testify that Obama is indeed using a fabricated birth certificate as a basis for assertion of his identity and U.S. citizenship and therefore absent this forgery he cannot be the U.S. President.

## 13. THE COURT ERRED IN REFUSING TO RULE WHETHER OBAMA EXISTS AS A LEGAL ENTITY, BASED ON PRECEDENT OF FELICE V RHODE ISLAND BOARD OF ELECTIONS THE COURT HAD TO REVIEW THE EVIDENCE THAT OBAMA RAN FOR OFFICE UNDER THE LAST NAME NOT LEGALLY HIS

Appellees in their brief asserted that because the court did not have jurisdiction , it could not rule  whether Obama was even a legal entity and whether he could be confirmed as the U.S. President under a name not legally his.

Plaintiffs/appellants provided the court with Obama's school registration from Indonesia which stated that he is a citizen of Indonesia and his legal name was Soetoro, his Indonesian step-father's last name (Complaint) and with the passport records of Obama's mother, Stanley Ann Dunham (Complaint) , which showed that his legal last name was Soebarkah, a blending of Barack and Soetoro, which is common in Southern Asia.

Appellees argued in their brief that the court did not have jurisdiction to rule.

This argument is without merit. Secretaries of State, election Boards and courts rule on a daily basis whether candidate was allowed to run under a name not legally his.  _Norman v. Reed_ Supreme Court of the United States January 14, 1992 502 U.S. 279 112 S.Ct. 698 -ruled on the merits, whether candidate could run under "Harold Reed" party.

781 F.Supp. 100 United States District Court, D. Rhode Island. Denise R. _FELICE v.RHODE SLAND BOARD OF ELECTIONS._ Civ. A. No. 88–0100–T. Dec. 16, 1991. Candidate for election as delegate to democratic national convention brought action alleging that Rhode Island Board of Elections violated her rights by refusing

to certify her candidacy on grounds that candidate did not comply with requirement that name and address on declaration correspond exactly to candidate's name and address as set forth on voting list. The District Court, Torres, J., held that requirement was rationally related to legitimate state interest in having efficient and accurate process recertified candidates and requirement was not unduly burdensome. Further, the court found that being a candidate on the ballot does not represent a fundamental right and therefore is not subject to strict scrutiny test.

 State law requiring that candidate for election as delegate to national convention state name and address on declaration exactly as it was set forth on voting list did not have significant impact on any due process or equal protection rights of candidate as requirement was rationally related to achievement of legitimate state purposes of verifying candidate to be qualified elector and eligible to be listed on the ballot, preventing confusion on part of voters, and seeing to it that certification of candidates is accomplished in an efficient and objective fashion. R.I.Gen.Laws 1956, § 17–12.1–3.

Based on Felice precedent the lower court had jurisdiction and erred in not hearing on the merit the issue of Obama running under the last name not legally his.

Further, Appellees argue that because he court did not have jurisdiction, it could not rule on Obama's default and failure to answer the complaint. Felice precedent

shows that the court had jurisdiction  and was wrong in not granting the default judgment when Obama failed to file an answer to the complaint. Futher, two statements from two process servers advised the court that Obama refuses to accept the service of process at his residence at the White House and security detail instruct the public and process servers to serve Obama at the Department of Justice.  Obama was properly served by the professional process server at the Department of Justice and through the U.S. attorney. Not granting the default judgment against Obama in this circumstance would place Obama above the law and would allow him to evade service of process.  **The lower court erred in refusing to grant the default judgment.**

## 14. THE COURT HAS JURISDICTION TO ISSUE DECLARATORY RELIEF AND FIND PRESIDENT NOT TO BE LEGITIMATE EVEN AFTER THE PRESIDENT IS SWORN IN.

One  of the notions by the Appellees, is that declaratory decision that Obama was not legitimate for the U.S. Presidency, was that  after he is sworn in, only the U.S. Congress can impeach and remove the President from office. This argument is flawed, the fact that the court cannot remove Obama from office does not prevent the court from issuing a declaratory relief stating that he is not legitimately holding the position.

For example, in N.L.R.B. v. New Vista Nursing and Rehabilitation United States Court of Appeals, Third Circuit. May 16, 2013 719 F.3d 203 163 Lab.Cas. P 10,597 the court issued a declaratory relief on the question regarding validity, under Recess Appointments Clause, of President's appointment of member of National Labor Relations Board (NLRB) was <u>NOT A NONJUSTICIABLE POLITICAL QUESTION.</u>

...National Labor Relations Board's (NLRB) delegee panel, of three Board members, lacked the requisite number of members to exercise the Board's delegated authority with respect to unfair labor practice charges against employer, where one panel member's appointment to the Board, by the President, violated the Recess Appointments Clause because the appointment occurred during a break within a Senate session (intrasession break), and not during a break between Senate sessions (intersession break). U.S.C.A. Const. Art. 2, § 2, cl. 3...

So, the federal court could not impeach and remove from office labor board members, as any high level federal official that is appointed directly by the U.S. President, can only be impeached and removed from office by the Congress. However, the declaratory judgment by the court set in motion series of events, mechanisms that lead to a change. A number of courts came up with similar decisions about lack of constitutionality and legitimacy of the labor board members. Faced with a sure impeachment of his appointees and attempting to

avoid impeachment, Barack Obama announced that he will appoint new members, who will go through the Congressional approval.

Similarly, in case at hand the precedent of *Keyes v Obam*a, which was heard in the 9th Circuit, ruled that injunctive relief can be obtained until the cutoff date of the swearing in, however there was no cutoff date for issuing a declaratory relief. As a matter of fact attorney for plaintiffs in the case at hand, was also an attorney for ambassador Keyes, Captain Barnett and others and argued before the 9th Circuit. During the oral argument in the 9th Circuit Judge Berzon questioned attorney for Barack Obama: what happens if the plaintiffs discover fraud and lack of eligibility of the candidate after the election and after the president is sworn in? She did not get an answer and the decision of the court left this part of the issue unsettled.

Based on the court decisions in aforementioned *NLRB v New Vista* as well as *Paulsen v. Renaissance Equity Holdings, LLC* United States District Court, E.D. New York. March 27, 2012 849 F.Supp.2d 335 2012 WL 1033339 and other cases dealing with eligibility of officials subject to Congressional impeachment, it was held that eligibility of an impeachable official does not represent a non-justiciable political question. As such, even if Obama was already sworn in as a president and subject to impeachment, Article 3 court can issue a declaratory opinion on his legitimacy for office, his Indonesian citizenship and his fabricated IDs, whether

those can be a basis for eligibility and the US Congress can commence an impeachment based on this declaratory relief.

## CONCLUSION

Based on all of the above, the Appellants' brief, the excerpt of record and the oral argument to be presented, the court should rule in favor of appellants and reverse the decision of the lower court.

**Respectfully submitted,**

**Orly Taitz ESQ,**

**Counsel for Appellants**

**03.14.2014**

## CERTIFICATE OF SERVICE

I, Orly Taitz, counsel for the Appellants attest that all the parties in this case were served with the attached "Reply to the Appellees' brief " via ECF.

/s/ Orly Taitz

UN Nations committee for civil rights defenders
OHCHR in New York
UN Headquarters
New York, NY 10017
USA

Inter-American Commission for Human rights
1889 F St., NW,
Washington, D.C., USA 20006

Darrel Issa
Chairman of the House oversight committee
2157 RAYBURN HOUSE OFFICE BUILDING,
WASHINGTON, DC 20515

Congressman Bob Goodlatte ,
Chairman of the Judiciary Committee
 House of Representative
2409 2157 RAYBURN HOUSE OFFICE BUILDING,
WASHINGTON, DC 20515

Public Integrity Unit Department of Justice
U.S. Department of Justice
Criminal Division
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Michael E. Horowitz
Inspector General
Department of Justice

**Office of the Inspector General**
**U.S. Department of Justice**
**950 Pennsylvania Avenue, N.W.**
**Room 4706**
**Washington, D.C. 20530**